## Henry O. Wheeler v. City of Bloomington.

1. DAMAGES—*Caused by Public Improvement.*—In cases of damages caused by the construction of a public improvement, the correct measure of damages is the difference between the value of the property without the improvement and its value with the improvement.

**Trespass on the Case.**—Damages caused by raising the grade of streets. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

LIVINGSTON & BACH and WELTY & STERLING, attorneys for appellants.

MILES K. YOUNG, city attorney, for appellee; KERRICK & BRACKEN, of counsel.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellant brought this suit to recover damages which he claims were caused by appellee raising the grades of Front and Low streets adjacent to his property. Front street in Bloomington extends east and west, and Low street north and south Appellant's property consists of a lot 120 feet square, 120 feet fronting on the south line of Front street, and 120 on the east line of Low street. On the corner is a two-story brick business house, south of that building, and fronting on Low street is a two-story dwelling house. East of the brick building and fronting on Front street is a one-story frame house.

In 1897 the city began grading the streets named, and constructed brick pavements along the property. In making the improvement the grade was raised above what it had been. There is a conflict as to how much—some witnesses fixing it at three inches, and others at fifteen inches. It is claimed by the appellant that the effect of the raising of the grade was to throw surface water upon his lot and into the basement, and under the buildings, that would not have gone there otherwise.

The case was defended upon the theory that the benefits to the property by the improvements exceeded the damage and what appellant had paid for the improvement by special assessment. There was a great diversity of opinion among the witnesses upon that question, as there usually is in such cases. The jury visited the property under instructions from the court and returned a verdict in favor of the city.

Upon the trial, and after the evidence had been heard, appellant asked leave to file an additional count. The court refused, and that is assigned for error. The additional count differs but slightly from those already filed, and we are unable to see how appellant was prejudiced by the court's refusal. Under the circumstances it was a matter of discretion for the court.

Appellant offered in evidence a petition presented to the city council on March 14, 1900, asking the city to fill up

his lot when it could conveniently do so, and proof of the favorable action of the city council thereon, but the court sustained an objection to it. We think there was no error in such ruling; it is a matter of common experience that low lots are often filled up by the dumping of surplus dirt which the city, in making improvements, must get out of the way and dispose of. The consent of the city to dump such dirt upon appellant's lot when it should be convenient so to do, could not be regarded as an admission of liability or the admission of a material fact in issue.

We see nothing wrong with the instructions given for appellee. Those relating to the measure of damages followed the well recognized line laid down in Illinois cases, that the correct measure of damages is the difference between the value of the property without the improvement and its value with the improvement.

We do not care to go into a discussion of the conflicting evidence heard by the jury. The jury not only saw the witnesses, but viewed the property. Their opportunities for placing a correct estimate upon the relative benefits and damages occasioned by the improvement are so far superior to ours that we are content to say that their judgment upon the real question at issue before them is of controlling weight with us.

Appellant, in support of his motion for a new trial, makes a weak attempt to show improper conduct on the part of one of the jurors. The affidavits presented upon that matter neither gave the name of the juror attacked nor stated what was said in the alleged improper conversation had by him. We see no just ground for disturbing the judgment, and the same will be affirmed.